HENRY D. MADSEN | ISB 4428
MADSEN LAW OFFICES, PC
1044 Northwest Blvd., Suite B
Coeur d'Alene, ID  83814
Telephone: (208) 664-8080
Facsimile: (208) 664-6258
Email: *madsenlawcda@outlook.com*

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **COREY BERBIG** and **DENISE BERBIG**, husband and wife, and **CASEY BERBIG, a minor child,**<br><br>Plaintiffs,<br><br>v.<br><br>**U-HAUL CO. OF ARIZONA**, and **U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC.**, and **U-HAUL CO. OF NEVADA, INC.**, and **U-HAUL INTERNATIONAL, INC.**, and **AMERCO**, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those.<br><br>Defendants. | Case No.:<br><br><br><br><br>**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, COREY BERBIG, DENISE BERBIG, and CASEY BERBIG (hereafter BERBIG'S), by and through their attorney of record, HENRY D. MADSEN of MADSEN LAW OFFICES, P.C., and for a cause of action against Defendants, alleges as follows:

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-1

## I.   **JURISDICTION AND VENUE**

1.1    This Court has jurisdiction over this action pursuant to and 28 U.S.C. §§1332 as the amount in controversy exceeds $75,00.00 exclusive of interest and costs and one or more of the parties are citizens of different states.

1.2    Further Jurisdiction is proper in this Court pursuant to the United States Constitution and Idaho Code 5-404(a)(b).

1.3    Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and 1391(c) because the acts and omissions complained of herein occurred in this District, and because at all times, materials and relevant, the Defendants resided in and transacted business in this District.

## II.   **IDENTIFICATION OF THE PARTIES**

2.1    At all times material hereto and at the time this action was initiated and the present time, Plaintiffs, COREY BERBIG and DENISE BERBIG, are married, and CASEY BERBIG is their minor son and all reside in the County of Bonner, State of Idaho.

2.2    At all times material hereto, upon information and belief, Defendant U-HAUL CO. OF ARIZONA, d/b/a U-Haul, is a part of the Truck Rental & Leasing Industry with its principle place of business in Phoenix, Maricopa County, State of Arizona and is a domestic for profit corporation formed under the laws of the State of Arizona.

2.3    At all times material hereto, upon information and belief, the Defendant U-HAUL CO. OF CALIFORNIA d/b/a U-Haul, is a part of the Truck Rental & Leasing Industry with its principle place of business in Burbank, Los Angeles County, State of California and is a domestic for profit corporation formed under the laws of the State of California.

2.4    At all times material hereto, upon information and belief, the Defendant U-HAUL CO. OF IDAHO, INC., d/b/a U-Haul, is a part of the Truck Rental & Leasing Industry with its principle place of business in Boise, Ada County, State of Idaho and is incorporated under the laws of the State of Idaho.

2.5    At all times material hereto, upon information and belief, the Defendant U-HAUL CO. OF NEVADA, INC., d/b/a U-Haul, is a part of the Truck Rental & Leasing

Industry with its principle place of business in Reno, Washoe County, State of Nevada and is a domestic for Profit Corporation formed under the laws of the State of Nevada.

2.7     At all times material hereto, upon information and belief, the Defendant, U-HAUL INTERNATIONAL, INC., d/b/a U-Haul is a part of the Truck Rental & Leasing Industry with its principle place of business in Phoenix, Maricopa County, State of Arizona and is a domestic for profit corporation formed under the laws of the State of Nevada.

2.8     At all times material hereto, upon information and belief, the Defendant, AMERCO, operates as a holding company with its principle place of business in Reno, Washoe County, State of Nevada.

2.9     The true names and capacities of Defendants' subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those, are individuals, whose true names and identities are unknown to Plaintiffs, but who are or may be liable to Plaintiffs based upon the events and occurrences alleged herein. These parties are joined as defendants under fictitious names, identities and involvement are discovered by Plaintiffs, leave will be sought to amend this complaint to allege their true names, identities and involvement.

2.10   The professional and business relationships of Defendants to one another are not known to Plaintiffs at this time.

2.11   All Defendants will hereinafter be referred collectively as Defendant or U-Haul.

## III.     GENERAL FACTUAL ALLEGATIONS

3.1     On or about June 3, 2019, COREY BERBIG rented a U-Haul truck in Reno, Nevada from U-HAUL CO. OF NEVADA, INC., d/b/a U-Haul via its employee and agent ROBIN THOMAS who was acting within the course and scope of her employment and after signing a U-Haul Equipment Contract took possession of said U-Haul truck to move their belongings to their new residence and the beginning of their new life in Blanchard, Idaho. A true and correct copy of said rental agreement is attached as Exhibit 1.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-3

3.2    It was understood and the agreement by Defendant and COREY BERBIG
that the U-Haul truck would be rented for the purposes of moving the BERBIG's
belongings to Idaho where the U-Haul would be transported and turned in to the U-Haul
rental store in Spirit Lake, Idaho.

3.3    It is further of information and belief that at all times material hereto
Defendants conduct paid advertising on television, radio, and in newspapers in the state of
Idaho, contact customers in the State of Idaho, provide customer support and services in
the State of Idaho, and regularly conduct business in the State of Idaho.

3.4    On or about June, 9, 2019, COREY BERBIG and CASEY BERBIG arrived
in Coeur d'Alene, State of Idaho with COREY BERBIG driving the said rented U-Haul
and CASEY BERBIG as the passenger in route to their new home in Blanchard, Idaho.

3.5    Unbeknownst to the BERBIGS, the U-Haul truck they were driving had
been reported stolen in the State of California on or around May 4, 2019.

3.6    It is of information and belief that the subject U-Haul was later recovered
and returned to the U-Haul rental store in California but as it was recovered without a front
plate the license plates of said vehicle remained reported as stolen.

3.7    It is of information and belief that U-Haul and or it agents failed to turn in
the remaining rear plate of the U-Haul truck containing the reported stolen registration
number upon the same to the California Department of Motor Vehicles and purchase other
plates for said vehicle pursuant to California Vehicle Code §§ 4457-4459 and in violation
of California Law and or in violation of Arizona law for failing to submit the remaining
rear plate containing the stolen plate number to the Arizona Department of Motor Vehicles
pursuant to Arizona Revised Statute §28-2531 as it is of information and belief that the
vehicle was registered in the State of Arizona and had apportioned plates attached.

3.8    It is of information and belief that subsequent to recovering said stolen U-
Haul truck with the remaining rear license plate, the vehicle was transported to Reno
Nevada where it was placed back into the rental fleet without notifying the Nevada
Department of Vehicles of the stolen plate nor delivering the remaining rear plate
VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-4

containing the stolen registration number to the Nevada Department of Motor Vehicles and without making application for new registration and new plates in violation of Nevada Revised Statute (NRS) 482.285, NRS 482.500, and or NRS 482.545 and or the motor vehicle laws of the State of Nevada nor to the State of Arizona.

      3.9    On or around 10:00 p.m. on June 9, 2019, COREY and his fourteen-year old son, CASEY, were pulled over by multiple law enforcement while driving in the U-Haul on State Highway 95, in Coeur d'Alene, ID as a result of a return stolen license plate with regard said U-Haul.

      3.10   That at all times material herein U-Haul was in violation of the laws of the State of Idaho as it allowed its U-Haul truck to be driven on the roads and or highways of the State of Idaho with a stolen plate affixed to the rear of the vehicle in violation of Idaho Code §49-443(6) and Idaho Code §49-456.

      3.11   That at all times material hereto COREY BERBIG did not know that the U-Haul truck had affixed to it a reported stolen license plate, nor could he know.

      3.12   COREY was first ordered to exit the vehicle with his hands up and ordered to walk backwards to the officers while at gunpoint and while the officer's K-9 was barking at him.

      3.13   When COREY approached the officers he was further ordered to get down on his knees while the officer's rushed him and cuffed his hands behind his back cutting off the circulation in his hands and injuring his shoulders then placed him in a police vehicle.

      3.14   Thereafter, the officers instructed the minor child, CASEY, to exit the U-Haul with his hands up in the air and walk backwards toward the officers while at gunpoint.

      3.15   That CASEY's was then placed in a patrol vehicle were he watched as his dad was questioned by law enforcement and at continued gunpoint.

      3.16   Law Enforcement informed COREY that they were investigating the U-Haul truck as stolen which after further investigation it was found that the U-Haul in question was recovered but the front plate was not recovered and therefor remained reported as stolen.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-5

3.17   U-Haul upon recovering the stolen vehicle had a duty under California Vehicle Code and or Nevada Revised Statute to remove the rear plate and deliver the same to the department of motor vehicles and purchase a new registration and plates for said U-Haul truck before it continued to rent the vehicle.

3.18   U-Haul had a duty under California Vehicle Code and or Nevada Revised Statute not to rent the U-Haul truck to anyone until said stolen plate was resolved.

3.19   U-Haul had a duty to the BERBIG's to provide them with a U-Haul truck that complied with the laws of the States through which the truck would travel to include the States of Nevada and Idaho.

3.20   That prior to the stop on June 9, 2019, COREY had served in the Marine Corp for over twenty-two years at which time he was deployed in Afghanistan and Iraq and as a result of said deployment he had been attacked by Afghani dogs.

3.21   COREY lost many fellow marines and soldiers while deployed and became disabled with Post Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI) and was discharged from the Marines with a medical retirement.

3.22   After, his discharge COREY was required to go through four (4) years of intensive psychological treatment for his debilitating PTSD.

3.23   That as a result of the stop of the U-Haul and his and his fourteen-year old son's arrest, COREY encountered a resurgence of his PTSD which again was debilitating and he became suicidal requiring him to seek treatment.

3.24   Further, that as CASEY was subject to the same assault by multiple police officers and seeing his dad being arrested and how the arrest reawakened his dad's PTSD, CASEY was also afflicted by Post Traumatic Stress and began to have problems at school; his grades began to fail; and he became withdrawn and was required to see a counselor.

3.25   That because of COREY'S reawakened PTSD, DENISE BERBIG has been required to take COREY to his medical and counseling appointments; has been required to take the brunt of the burden of taking care of CASEY BERBIG and addressing his counseling needs and taking care of the other children; has had severe emotional stress as a result of worrying that COREY would commit suicide.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-6

3.26   Further, DENISE, lost her love of her life while COREY was withdrawn and lost consortium as a result.

3.27   As a result of said incident, COREY has suffered Post Traumatic Stress Disorder and associated depression.

3.28   That as a result of said injury, COREY has continued pain and suffering due to said injuries. Said negligence by Defendants was the approximate cause of COREY's injuries and damages.

## IV. LIABILITY AND CLAIMS FOR RELIEF

### COUNT ONE:
### BREACH OF CONTRACT

4.1   Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.2   The U-Haul Equipment Contract gave Plaintiff's the right to possess and use the U-Haul truck to move their personal belongings to the State of Idaho.

4.3   By failing to remove the stolen plate and providing the truck with a valid license plate which would comport to the laws of the State of Idaho and Nevada, Defendant's breached the agreement.

4.4   Plaintiff seeks damages for said breach of contract in the amount of $1,264.94 and or such other amount as proven at trial for Defendant's breach of the U-Haul Equipment Contract.

### COUNT TWO:
### NEGLIGENCE

4.5   Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-7

4.6     Defendants and or Defendants acting through their agents, apparent agents, servants, employees and/or each other, owed BERBIGS a duty to act in all respects within the applicable laws of the State of California, Arizona, Nevada and or Idaho.

4.7     Defendants acting through its agents, apparent agents, servants, employees and/or each other, breached its duties and was negligent, reckless and/or grossly negligent in their failure to follow the laws of the State of California, Arizona, Nevada, and or Idaho.  Such agents include but are not limited to U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA, INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those and any others who were at all times material hereto responsible for the implementation of policies and procedures and education and training of the same for all Defendants in following the laws of the State of California, Arizona, Nevada, and or Idaho.

4.8     Defendants failed to address and follow the procedures for submitting stolen plates to the respective State's department of motor vehicles and having registration and new plates reissued for said vehicle and further making sure a U-Haul truck is not rented with reported stolen plates and or sent upon the roads and highways of said States in violation of their motor vehicle laws.

4.9     Plaintiffs allege Defendants and or their agents by failing to implement said policies and procedures and or education and or training caused COREY BERBIG

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-8

extreme emotional distress and caused his PTSD to reawaken sending him into a debilitating spiral and suicidal.

4.10   Defendants had a duty, recognized by law, requiring them to conform to a certain standard of conduct to not leave a reported stolen license plate on their U-Haul truck nor to allow the U-Haul truck to be driven on the roads and highways of the State of Nevada or Idaho with a reported stolen plate.

4.11   Defendant's breached the duty it had to COREY and CASEY BERBIG causing them to be arrested in a felony type takedown causing extreme emotional stress, PTSD, and physical injury which required Plaintiff's to incur expenses for counseling and other out of pocket expenses and further damages for infliction of emotional distress, loss of consortium, and all other damages in such amount to be proven at trial

4.12   Defendants knew or should have known that their conduct would cause the stop an arrest of COREY and CASEY BERBIG and such acts proximately caused Plaintiff's to suffer damages. There may be other factors affecting Plaintiff's damages, however, the negligence, gross negligence, intentional acts and/or recklessness of each Defendant was a substantial factor in causing the damages and injuries incurred.

## COUNT THREE:
## CORPORATE NEGLIGENCE

4.13   Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.14   Defendants, U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA,

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-9

INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its
subsidiaries, associates, and affiliated corporations, and its parent and affiliated
companies, employees and agents, each of the independent U-Haul dealers, and its
employees, agents, principles, servants, successors, heirs, executors, administrators of
each of those directly owed to Plaintiffs duties of care with respect to the provision of the
U-Haul truck as follows:

      a.    A duty to implement policies and procedures with respect its subsidiaries,
associates, and affiliated corporations, and its parent and affiliated companies, employees
and agents, each of the independent U-Haul dealers, and its employees, agents,
principles, servants, successors, heirs, executors, administrators of each and to educate
and train them as to the appropriate procedures to address stolen license plates as
outlined by the laws of the States of California, Arizona, Nevada, and Idaho and to
remove and select and retain only competent employees to implement it policies and
procedures and to supervise the same.

      b.    A duty to oversee all its subsidiaries, associates, and affiliated corporations,
and its parent and affiliated companies, employees and agents, each of the independent
U-Haul dealers, and its employees, agents, principles, servants, successors, heirs,
executors, administrators of each who do business as U-Haul.

      c.    A duty to formulate, adopt and enforce necessary policies, procedures and
protocols for the use of subsidiaries, associates, and affiliated corporations, and its parent
and affiliated companies, employees and agents, each of the independent U-Haul dealers,
and its employees, agents, principles, servants, successors, heirs, executors,

administrators of each and guidance and instruction as respects the appropriate course of response or conduct in the face of circumstances such as those presented by Plaintiff's.

4.15   Defendants U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA, INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those as Defendants, were negligent, reckless and grossly negligent in the provision of the U-Haul truck and related services as a result of their failure to follow California, Arizona, Nevada, and Idaho state laws and allowed a U-Haul truck with stolen plates to be driven on State Highway 95 where COREY BERBIG and his fourteen year old son CASEY were arrested in a felony take down method.

4.16   Such acts proximately caused Plaintiff's to suffer damages. Defendants new or should have known the consequences of their actions and that it was reasonably foreseeable that their actions would lead to the stop and felony take down type of arrest and that such actions were the cause of Plaintiff's injuries.   There may be other factors affecting Plaintiff's damages, however, the negligence, gross negligence, intentional acts and/or recklessness of each Defendant was a substantial factor in causing the damages and injuries incurred.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-11

## COUNT FOUR:
## NEGLIGENT INFLICTION OF EMOTIONAL STRESS

4.17   Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.18   Defendants have a duty to exercise ordinary with regard following the motor vehicle laws of each State in which they transact business to include California, Arizona, Nevada, and Idaho.

4.19   Defendants have a duty to implement policies and procedures and educate and train their employees and or agents in insuring that those laws are not violated subjecting their customers to arrest.

4.20   Plaintiffs COREY BERBIG and CASEY BERBIG suffered personal injuries as a result of their detainment and arrest.  Plaintiff's personal injuries also resulted in mental distress and anguish, manifested by the shaking, nausea, hypertension, rapid heartbeat, sweating, and further lasting effects including sleeplessness, anxiety, difficulty concentrating, post traumatic stress disorder, and other mental effects brought about by the traumatic experience that COREY and CASEY experienced and was helpless to prevent.

4.21   Defendant's failure to exercise ordinary care was a proximate cause of Plaintiff's mental distress and anguish.

4.22   Plaintiff's seek damages against Defendant's in the amount of $1,000,000.00 or other such sum as may be established at trial.

## COUNT FIVE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4.23   Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-12

4.24    Defendants U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA, INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those as Defendants, acted intentionally and recklessly by failing to follow California and Nevada State laws and allowed a U-Haul truck with stolen plates to be driven on State Highway 95 where COREY BERBIG and his fourteen year old son CASEY were arrested in a felony take down method.

4.25    U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA, INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those as Defendants conduct was extreme and outrageous as said Defendants had actual knowledge that the U-Haul had been to Plaintiff's pursuant to the U-Haul Equipment Contract.

4.26    Plaintiffs suffered severe emotional distress associated with the armed detention, which included severe anxiety, rapid heartbeat, sweating, shaking, and a feeling of helplessness, confusion, and fear of being killed or witnessing family being killed during the stop.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-13

4.27    This severe distress reoccurs whenever Plaintiffs remember the incident, which can be brought on by seeing law enforcement officers, thinking about their family, or other seemingly random memory cues. Plaintiffs also no longer feel safe in their home, vehicle, or public.

4.28    Continuing symptoms of this distress include anxiety, panic-attacks associated with thinking about the armed dentation and arrest, mood swings, anger, diminished sexual motivation, depression, changes in appetite, tiredness, and memory and concentration problems. Plaintiff's COREY and DENISE BERBIG also fear and worry about their children, and have seen that they are also experiencing symptoms dealing with the stress that were not present before, including sleeping with the lights on, sleeplessness, and anxiety associated with seeing or thinking about law enforcement.

4.29    U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA, INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, administrators of each of those Defendants' conduct is a proximate cause of Plaintiffs' severe emotional distress.

4.30    Plaintiffs seek damages against said Defendants in the amount of $1,000,000.00 or in such other sum as may be established at trial.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-14

## COUNT SIX:
## FALSE ARREST AND IMPRISONMENT CLAIMS OF PLAINTIFFS

4.31    Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.32    Plaintiffs were unlawfully detained and restrained against their will.

4.33    The unlawful detention was caused by Defendants failing to follow California, Arizona, Nevada, and Idaho State laws and allowed a U-Haul truck with stolen plates to be driven on State Highway 95 in Coeur d'Alene, Idaho.

4.34    Plaintiffs have been damaged as a result of the false arrest and imprisonment in the amount of $1,000,000.00 or such other sum as may be established at trial.

## COUNT SEVEN:
## LOSS OF CONSORTIUM CLAIM OF COREY AND DENISE

4.35    Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.36    Plaintiffs COREY and DENISE both suffered personal injuries and emotion distress as a result of Defendants U-HAUL CO. OF ARIZONA, and U-HAUL CO. OF CALIFORNIA, and U-HAUL CO. OF IDAHO INC., and U-HAUL CO. OF NEVADA, INC., and U-HAUL INTERNATIONAL, INC., and AMERCO, and each of its subsidiaries, associates, and affiliated corporations, and its parent and affiliated companies, employees and agents, each of the independent U-Haul dealers, and its employees, agents, principles, servants, successors, heirs, executors, and administrators negligence.

4.37    COREY and DENISE are husband and wife.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-15

4.38  As a result of COREY'S personal injuries, DENISE has suffered:

    a.     Loss of love and affection, and

    b.     Loss of society and companionship.

4.39  As a result of DENISE'S personal injuries, COREY has suffered:

    a.     Loss of love and affection, and

    b.     Loss of society and companionship.

4.40  DENISE has been damaged by loss of consortium in the amount of $100,000.00.

4.41  COREY has been damaged by loss of consortium in the amount of $100,000.00.

## COUNT EIGHT:
## JOINT AND SEVERAL LIABILITY OF ALL DEFENDANTS

4.42  Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.43  Defendants, their agents, apparent agents, servants, employees and/or each other were jointly and severally negligent, grossly negligent and/or reckless in the manner in which they provided the U-Haul truck to Plaintiffs; such acts proximately caused Plaintiff's to suffer damages. There may be other factors affecting Plaintiff's damages, however, the negligence, gross negligence, intentional acts and/or recklessness of each Defendant was a substantial factor in causing the damages and injuries incurred.

4.44  As a result of Defendants' combined acts, Plaintiffs have suffered and are entitled to an award of damages, both special and general against all Defendants joint and several in an amount to be proven more specifically at trial.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-16

## COUNT NINE:
## ATTORNEY FEES

4.45    Plaintiffs re-allege each and every allegation previously stated and incorporated by reference those allegations as if set forth at length.

4.46    It has been necessary for the Plaintiff's to retain the law firm of MADSEN LAW OFFICES, P.C. to prosecute this action.

4.47    Plaintiffs are entitled to reasonable attorney fees in the event they are prevailing party in this action pursuant to Idaho Code §§12-121, 12-120 and any other applicable Statute and or Idaho Rules of Civil Procedure.

## V. DAMAGES

5.0    As a proximate and/or producing result of Defendant's breach of contract, combined negligence, gross negligence, intentional acts and/or recklessness, Plaintiffs have suffered substantial injuries and damages.

5.1    As a result of said breach of contract Defendants' breach and/or breaches of their duties, Plaintiff's sustained permanent injuries and damages, including loss of, and will continue to suffer severe and permanent physical, mental and emotional injury, pain, distress, suffering, illness, impairment and permanent disability; increased susceptibility to future illness; loss of the ability to enjoy life, love and care; loss of the ability to engage in meaningful employment or occupation; and the loss of the ability to engage in normal individual family or group activities, hobbies and sports.

5.2    As a further direct and proximate result of the carelessness, negligence and lack of due care of the Defendants, Plaintiff DENISE BERBIG and COREY BERBIG have been denied the personal relationships normally enjoyed by husband and

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-17

wife, including destruction of the husband/wife relationship and consortium, loss of services and support, and have been and will be required to perform duties beyond the normal duties of a wife and or a husband.

5.3   There may be other factors affecting Plaintiff's damages, however, the negligence, gross negligence, intentional acts and/or recklessness of each Defendant was a substantial factor in causing the damages and injuries incurred.

5.4   There are certain damages provided by law that Plaintiffs are entitled to have the jury in this case separately consider in determining the sum of money that will fairly and reasonably compensate them for their injuries and damages. Those elements of damages include the following, both up to the time of trial and beyond:

> A.   Medical expenses necessarily incurred and to be incurred in the treatment of COREY and CASEY BERBIG;
>
> B.   Travel expenses necessarily incurred and to be incurred in securing treatment for COREY and CASEY BERBIG;
>
> C.   The reasonable amount necessary to reimburse Plaintiffs for time spent on additional tasks necessitated by this injury such as traveling to healthcare providers and other tasks related to COREY and CASEY BERBIG's treatment;
>
> D.   The physical pain and suffering Plaintiffs have endured and will continue to endure because of the injury (ies) inflicted by Defendants;
>
> E.   All other reasonable damages and penalties allowable by law;
>
> F.   Reasonable attorney fees; and
>
> G.   For the costs of prosecuting and presenting evidence in this case.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-18

5.5     Considering each of the above elements of damages, Plaintiffs have suffered damages in excess of $1,000.000.00.

5.6     Plaintiff respectfully requests that a jury determine the amount of losses they have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain.

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

1.      For an award of damages for Defendant's breach of contract in such amount as to be proven at trial.

2.      For an award of general, special, and other damages against Defendants for past, present and future medical expenses in an amount to be proven at trial;

3.      For an award of general damages representing Plaintiff's past, present and future physical, mental and emotional injury, pain and suffering; impairment and illness; loss of ability to enjoy life and an increased susceptibility to illness, in an amount to be proven at trial;

4.      For an award of damages representing Plaintiff CASEY BERBIG and DENISE BERBIG'S loss of earnings and earning capacity, as may be proven at trial;

5.      For an award of damages representing Plaintiff's DENISE BERBIG and COREY BERBIG's loss of consortium, love, affection, society, and services of her husband and his wife, and for her lost wages and extraordinary costs for having to care for her husband COREY BERBIG in an amount to be proven at trial;

6.      For reasonable attorney's fees and costs of suit; and

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-19

7.    Plaintiffs be awarded damages for prejudgment interest at the highest rate allowable by Idaho law.

8.    Plaintiffs be awarded damages for post-judgment interest on the entire judgment inclusive of costs and attorney fees until such time as said judgment is satisfied in full.

9.    For such other and further relief as the Court deems just.


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial of not less than twelve persons of all matters triable by jury.

DATED this 9th day of June, 2021.

MADSEN LAW OFFICES, P.C.


By: /s/ Henry D. Madsen
    Henry D. Madsen
    *Attorney for Plaintiffs*

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-20

## **VERIFICATION**

STATE OF IDAHO   )
                 ):ss
County of Kootenai  )

We, Corey Berbig and Denise Berbig, being first duly sworn upon oath, deposes and states as follows:

We're the Plaintiffs in the forgoing action. We have read the foregoing *COMPLAINT AND DEMAND FOR JURY TRIAL*, know the contents thereof, and believe them to be true.

DATED this ___09___ day of June, 2021.

_____
Corey Berbig

_____
Denise Berbig

SUBSCRIBED AND SWORN to before me this ___9th___ day of June, 2021.

HEIDI M LEON
COMM. #20212203
NOTARY PUBLIC
STATE OF IDAHO

_____
Notary Public for the State of Idaho
Residing at: Rathdrun
My Commission Expires: 5/06/2027

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL-21