UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COREY BERBIG and DENISE BERBIG, husband and wife, and CASEY BERBIG, minor child,<br><br>    Plaintiff,<br><br>    v.<br><br>U-HAUL OF ARIZONA; U-HAUL CO. OF CALIFORNIA; U-HAUL CO. OF IDAHO, INC.; U-HAUL CO. OF NEVADA, INC.; U-HAUL INTERNATIONAL, INC.; and AMERCO, *et al.,*<br><br>    Defendants. | Case No. 2:21-cv-00249-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

In December 2022, this Court ordered plaintiffs to explain why this action should not be dismissed for lack of jurisdiction. Plaintiffs relied on diversity jurisdiction but the complaint revealed that the parties were not completely diverse. Plaintiff responded with a motion to dismiss Defendant U-Haul Company of Idaho, Inc., which is the defendant who defeats diversity jurisdiction. For the reasons explained below, the Court will grant the motion to dismiss. It will also grant defendants' motion to compel arbitration.

MEMORANDUM DECISION & ORDER - 1

## BACKGROUND

In June 2019, the Berbig family moved to Idaho. They rented a U-Haul truck in Reno "to move their belongings to their new residence and the beginning of their new life in Blanchard, Idaho." *Compl.,* Dkt. 1, ¶ 3.1. Unbeknownst to them, their rented U-Haul truck had been reported as stolen. In Coeur d'Alene, multiple law enforcement officers pulled over the truck and ordered Corey Berbig and his son, Casey, out of the truck at gunpoint. Casey was 14 at the time. Police officers cuffed Mr. Berbig, put him in the back of a police car, and questioned him "at continued gunpoint." ¶ 3.16. Casey was also placed in a police car; he watched as his dad was questioned.

Plaintiffs allege that as a result of this experience, Corey and Casey suffered Post-Traumatic Stress Disorder (PTSD). Corey, who is a Marine Corp veteran, developed PTSD during deployments to Afghanistan and Iraq. The stop "reawakened" his PTSD to the extent that he later became suicidal. Casey "was also afflicted by Post Traumatic Stress and began to have problems at school; his grades began to fail; and he became withdrawn and was required to see a counselor." ¶ 3.24.

Plaintiffs sued various U-Haul entities, including U-Haul Company of Idaho, Inc. Plaintiffs further allege that "[a]t all material times and at the time this action was initiated and at the present time, Plaintiffs . . . reside in County of Bonner,

State of Idaho." ¶ 2.1. As its name would suggest, Defendant U-Haul Company of Idaho is an Idaho corporation, with its principal place of business in Idaho. ¶¶ 2.1, 2.4.

Notwithstanding these allegations – which defeat diversity jurisdiction – plaintiffs invoked federal jurisdiction on the basis of diversity of citizenship. ¶ 1.1. In response to this Court's order directing plaintiff to explain why this action should not be dismissed for lack of jurisdiction, plaintiffs ask the Court to dismiss U-Haul Company of Idaho. Meanwhile, defendants have filed a motion to compel arbitration.

## DISCUSSION

### 1. The Motion to Dismiss

The Court will grant plaintiffs' motion to dismiss Defendant U-Haul of Idaho. In fact, no motion was necessary; plaintiffs could have filed a notice of dismissal under Federal Rule of Civil Procedure 41(a). That rule allows plaintiffs to voluntarily dismiss defendants that has not yet filed an answer or motion for summary judgment.[1] And although U-Haul of Idaho joined the other defendants in filing a motion to compel arbitration, such a motion "is not the equivalent of an

---

[1] Rule 41(a)(1)(A) provides that the plaintiff may dismiss an action by either filing "(i) a notice of dismissal before the opposing party serves either an action or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."

answer or motion for summary judgment." *See, e.g., Hamilton v. Shearson-Lehman Am. Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987); *see also, e.g., Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (although Rule 41(a) speaks in terms of voluntarily dismissing an "action," it may be used to dismiss one of several co-defendants). Further, none of the defendants have opposed plaintiffs' motion to dismiss U-Haul of Idaho as a defendant. They do not take issue with plaintiffs' assertion that this defendant is dispensable and that the litigation can proceed in its absence. Accordingly, the Court finds that dismissal of this nondiverse, dispensable defendant is appropriate.

Defendants argue that even without U-Haul Company of Idaho in the mix, plaintiffs have failed to allege facts supporting diversity jurisdiction. They point out that plaintiffs do not allege they are "citizens" of Idaho; they have alleged simply that they are "residents" of Idaho. Defendants are correct that a federal court cannot rely solely on an allegation of "residence" in determining the citizenship of an individual. Rather, a litigant needs to allege that that person is a *citizen* of a particular state. Citizenship, in turn depends on where one is domiciled. A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. Thus, a person residing in a given state is not necessarily domiciled there. *See generally Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853,

857 (9th Cir. 2001). All to say that an allegation of diversity jurisdiction based on a person's "residence," rather than "citizenship," is defective. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (noting defect but allowing amendment).

But given the other allegations of the complaint – including the allegation that on June 30, 2019, the Berbigs rented a truck for the purpose of "mov[ing] their belongings to their new residence and their new life in Blanchard, Idaho," *Compl.,* Dkt. 1 ¶ 3.1 – the Court is satisfied that plaintiffs were citizens of Idaho at the time they filed the complaint. Thus, rather than dismissing this complaint, the Court will allow plaintiffs to file an amended complaint that expressly alleges citizenship. The Court will not require plaintiffs to file an amended complaint at this time, however, as it intends to grant the defendants' pending motion to compel arbitration. If, for whatever reason, the parties find themselves back in front of this Court for further proceedings, the Court will require plaintiffs to file an amended complaint alleging that they were citizens of Idaho at the time they filed their initial complaint. *See generally Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends on the state of things at the time of the action brought'") (citation omitted); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) (amendment permitted after final judgment where diversity existed).

MEMORANDUM DECISION & ORDER - 5

## 2. The Motion to Compel Arbitration

The next question is whether the Court should compel the parties to arbitrate. This one is relatively easy to resolve because when Mr. Berbig signed the U-Haul Equipment Contract, he explicitly agreed to arbitrate all legal claims. The relevant verbiage, which appears in separate bullet points a few lines above the signature line, is as follows:

- I agree to submit all legal claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from my local U-Haul representative.

- I acknowledge that I have received and agree to the terms and conditions of this Rental Contract and the Rental Contract Addendum.

*U-Haul Equipment Contract, Ex. 1 to Compl.*, Dkt. 1-2, at 2.

The Federal Arbitration Act (FAA) "governs the enforceability of arbitration agreements in contracts involving interstate commerce." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013). Under the FAA, private agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Generally, a court must determine two issues before deciding whether to compel arbitration: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201

(9th Cir. 2021). In determining the validity of an arbitration agreement, federal courts "apply ordinary state-law principles that govern the formation of contracts." *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (internal quotation marks and citation omitted); Accordingly, "generally applicable contract defenses, such as fraud, duress or unconscionability, may be applied to invalidate arbitration agreements without contravening federal law." *Al-Safin v. Circuit City Stores, Inc.*, 394 F.3d 1254, 1257 (9th Cir. 2005) (internal quotations and citation omitted).

Plaintiffs advance two key arguments as to why this Court should not compel them to arbitrate. First, they say that the one-page contract Mr. Berbig signed does not contain an arbitration provision. Second, they argue that the terms of the addendum – which indisputably contain an arbitration provision – were not successfully incorporated into that one-page contract. The Court disagrees on both counts.

The Berbigs rely heavily on *Virginia ex rel. U-Haul Co. of West Virginia v. Zakaib*, 752 S.E.2d 586 (W. Va. 2013). But *Zakaib* is not binding on this court and is easily distinguishable. First, and most significantly, the agreements at issue in *Zakaib* did not contain this clause:

> I agree to submit all legal claims in accordance with the U-Haul Arbitration Agreement, incorporated by reference, and available at uhaul.com/arbitration or from

my local U-Haul representative.

As noted above, Mr. Berbig's agreement with U-Haul *does* contain that language. *See Ex. 1 to Compl.,* Dkt. 1. This distinction, standing alone, compels a different result. *Accord Little v. Cellco Partnership,* 304 F. Supp. 3d 508, 512-513 (S.D. W. Va. 2018) (distinguishing *Zakaib* because, among other things, "the executed sales receipt Little signed explicitly contains an arbitration provision.")

Second, the renters in *Zakaib* presented evidence that U-Haul did not give them a copy of the addendum or otherwise make a copy of that addendum available to them until after they signed. *See* 752 S.E. 2d at 590 n.3. Here, by contrast, Mr. Berbig has presented no such evidence. He has put forth a declaration from his attorney, but that declaration lacks foundation and is based on hearsay. Accordingly, the Court will not consider it in deciding this motion. *See, e.g. Hansen v. LMB Mortgage Services, Inc.*, 1 F. 4th 667, 670 (9th Cir. 2021) (in determining whether the parties agreed to arbitrate, the court relies upon the summary-judgment standard of Rule 56). Moreover, even if Mr. Berbig *had* submitted such a declaration, it wouldn't matter. He signed an agreement that expressly stated he would submit legal claims to arbitration as set forth in an incorporated agreement. So the obligation to arbitrate should come as no surprise – which was arguably not the case in *Zakaib. See generally Wardlow v. U-Haul Int'l, Inc.*, 304 F. Supp. 3d 992, 1002 (D. Or. 2018) (concluding that a similar U-Haul

**MEMORANDUM DECISION & ORDER - 8**

contract was binding; observing that "the notice that plaintiff was assenting to the Arbitration Agreement was located mere inches above the signature block in the rental agreement"); *see also Little*, 304 F. Supp. 3d at 513 ("*U-Haul* does not stand for the proposition that a physical copy of an incorporated document needs to be received by a customer."). The key point is that the agreement Mr. Berbig signed: (1) announced that the addendum was incorporated; (2) said the addendum was available for his review; and (3) said that had indeed received a copy of the addendum. Even if he didn't take the opportunity to read the agreement, or its incorporated provisions, he is nonetheless bound by them. *See generally Liebelt v. Liebelt*, 801 P.2d 52, 55 (Ct. App. Idaho 1990) ("a written contract cannot be avoided by one of the parties to it on the ground that he signed it without reading it and did not understand it") (citing *Milner v. Earl Fruit Co. of the N.W.*, 232 P. 581, 583 (1925)).

For all these reasons, the Court will grant Defendants' motion to stay this case and compel arbitration.

## ORDER

**IT IS ORDERED that:**

(1) Plaintiffs' Motion to Dismiss Defendant U-Haul Co. of Idaho Without Prejudice (Dkt. 15) is **GRANTED.**

(2) Defendants' Motion to Compel Arbitration (Dkt. 6) is **GRANTED.** This action is therefore **STAYED** while the parties engage in arbitration. The parties shall keep the Court apprised of the arbitration proceeding by informing the Court when arbitration is completed. If the arbitration is not completed within 90 days of this Order, the parties shall file a joint status report regarding the arbitration proceedings.

(3) Plaintiffs' Motion to Retain (Dkt. 7) is **GRANTED in part and DENIED in part**, as follows: The Motion is granted to the extent that this Court will not dismiss this action for lack of prosecution. The Motion is denied to the extent that the Plaintiff requests that the Court allow the parties to litigate this dispute rather than compel them to arbitrate the dispute.

(4) Plaintiff's Motion for an Extension of Time to File a Reply in Support of the Motion to Retain (Dkt. 9) is **DEEMED MOOT.**

DATED: February 28, 2023

B. Lynn Winmill
U.S. District Court Judge